

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00046-CV
_____

**IN THE INTEREST OF X.R. AND X.A., CHILDREN**

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 97429-D-FM, Honorable Steven Denny, Presiding

June 10, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Mother, appeals the trial court's order terminating her parental rights to her children, X.R. and X.A.[1]  Appointed counsel for Mother has filed an *Anders*[2] brief in support of a motion to withdraw.  Pursuant to *Anders*, Mother's counsel certified that she has diligently searched the record and has concluded that the record reflects no arguably reversible error that would support an appeal.  *In re Schulman*, 252 S.W.3d 403, 406 n.9

---

[1] To protect the privacy of the parties involved, we will refer to the appellant as "Mother," and to the children by initials.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).  The parental rights of X.R.'s alleged father and any unknown father were also terminated in this proceeding.  X.A.'s father executed an affidavit of relinquishment of parental rights.  Neither father has appealed.

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

(Tex. Crim. App. 2008) (orig. proceeding); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."); *In re L.J.*, No. 07-14-00319-CV, 2015 Tex. App. LEXIS 427, at *2–3 (Tex. App.—Amarillo Jan. 15, 2015, no pet.) (mem. op.) (same).

By her *Anders* brief, counsel concludes that reversible error is not present because sufficient evidence supports termination under subsections (D) and (E) and the best-interest finding. TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E);[3] § 161.001(b)(2); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.*, 180 S.W.3d 376, 384 (Tex. App.—Amarillo 2005, no pet.) (only one predicate finding under section 161.001(b)(1) is necessary to support termination when there is also finding that termination is in child's best interest). Counsel has complied with the requirements of *Anders* by providing a copy of the brief, motion to withdraw, and appellate record to Mother, and notifying her of her right to file a pro se response if she desired to do so. *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re L.V.*, No. 07-15-00315-CV, 2015 Tex. App. LEXIS 11607, at *2–3 (Tex. App.—Amarillo Nov. 9, 2015) (order) (per curiam). Mother has filed a response to her counsel's *Anders* brief which we have considered.

Pursuant to the Texas Supreme Court opinion in *In re N.G.*, we also conducted an independent review of the evidence underlying the trial court's findings that termination

---

[3] Further references to provisions of the Texas Family Code will be by reference to "section __" or "§ __."

was warranted under sections 161.001(b)(1)(D) and (E), because a finding under those grounds may justify termination of parental rights to other children under subsection (M). *In re N.G.*, 577 S.W.3d 230, 235–37 (Tex. 2019) (per curiam); *see* § 161.001(b)(1)(M).

The trial court heard evidence that Mother has an extensive history with the Department that predates the current proceeding. Mother acknowledged that she had a history of methamphetamine use and her parental rights to three other children had previously been terminated.

In July of 2022, the Department opened an investigation after receiving a report that Mother brought three-year-old X.A. to the emergency room after the child ingested her prescription medication. From September of 2022 through October of 2022, the Department offered family-based services to assist Mother with parenting issues, but she declined to participate. In November, Mother was ordered to participate in services via the Texas Family First Program. The Department initiated the emergency removal of X.R. and X.A. after Mother tested positive for methamphetamine on November 3 and December 5 of 2022 and failed to participate in services offered by the Department. After an adversary hearing, X.R. and X.A. were ordered to be returned to Mother's care. When the Department caseworker arrived at Mother's home to return the children, the caseworker saw a small plastic bag containing a white crystal substance on the coffee table. Mother again tested positive for methamphetamine, and the Department was granted temporary managing conservatorship of X.R. and X.A. in January of 2023. Mother's hair follicle drug screen testing was positive for methamphetamine in February, March, and June. Mother was uncommunicative and uncooperative with Department representatives throughout the proceeding. She refused to complete services outlined in

her court-ordered service plan and routinely failed to submit to drug screens as requested by the caseworker. Other evidence illustrated that her visits with X.R. and X.A. were suspended until she provided a clean drug screen. Mother had limited therapeutic visitation with X.R. and X.A. in July and August of 2023. She did not exercise any visitation, submit to drug screens, or allow the caseworker access to her home after September 14, 2023.

After the therapeutic visitation ended, X.R.'s and X.A.'s behavior dramatically improved. There were concerns that six-year-old X.R. had developmental delays and was behind in school when he was placed in foster care. He is thriving in his current placement and any concerns of social delays have been alleviated.

We conclude that the trial court's findings with respect to (D) and (E) are supported by legally and factually sufficient evidence. *See In re R.R.A.*, No. 22-0978, 2024 Tex. LEXIS 242 at *23–24 (Tex. Mar. 22, 2024); *In re M.M.*, No. 02-21-00185-CV, 2021 Tex. App. LEXIS 9177, at *14 (Tex. App.—Fort Worth Nov. 10, 2021, no pet.) (mem. op.) ("Narcotics can impair or incapacitate the user's ability to parent" and "[m]ethamphetamine addiction can work havoc not only on the addict but on the addict's family . . . ."); *In re V.A.,* No. 07-17-00413-CV, 2018 Tex. App. LEXIS 1521, at *10 (Tex. App.—Amarillo Feb. 27, 2018, no pet.) (mem. op.) (parent's continued use of drugs demonstrates inability to provide for child's emotional and physical needs and stable environment).

As in a criminal case, we have independently examined the entire record to determine whether there is a non-frivolous issue that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford*

*v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude that a reasonable factfinder could have formed a firm belief or conviction that grounds for termination existed and that termination of Mother's parental rights was in X.R.'s and X.A.'s best interest. *See* § 161.001(b)(1), (2)*; In re M.M.,* 584 S.W.3d at 890.

After reviewing the entire record, we agree with counsel that there are no plausible grounds for reversal on appeal.

Accordingly, the trial court's order terminating Mother's parental rights to X.R. and X.A. is affirmed.[4]

Judy C. Parker
Justice

---

[4] We call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. Counsel has filed a motion to withdraw, on which we will take no action. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).